

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUBEN CLAUDIO,                          :

                        Plaintiff,      :

        -against-                       :

COMMISSIONER OF SOCIAL SECURITY,        :

                        Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER
15 Civ. 9847 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

Pro se Plaintiff Ruben Claudio seeks review by this Court of the Commissioner of Social Security's ("Commissioner") final decision denying his application for disability insurance benefits ("DIB"). (Compl., (ECF No. 2).)

This matter was referred to Magistrate Judge James C. Francis on January 11, 2016. (ECF No. 5.) Defendant moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 10.) Plaintiff did not oppose the motion.[1]

Before this Court is Magistrate Judge Francis's Report and Recommendation ("R&R") recommending that Defendant's unopposed motion for judgment on the pleadings be granted.[2] (*Id.* at 1.) This Court fully adopts those recommendations.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the R&R. 28 U.S.C. § 636(b)(1)(C). When no party files objections, the Court may adopt the R&R

---

[1] This Court notes that Plaintiff explained to the administrative law judge ("ALJ") that "were he not to pursue the appeal of his disability claim, he risked losing [other] financial benefits . . . ." (Report and Recommendation ("R&R"), ECF No. 13, at 10 (citing R. 25).)

[2] The relevant procedural and factual background is set forth in greater detail in the R&R, and is incorporated herein. (*See* R&R at 1-4.)

if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Magistrate Judge Francis advised the parties that failure to file timely objections to the R&R would constitute a waiver of those objections on appeal. (R&R at 23); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no party has filed objections.

Judgment on the pleadings is appropriate when the material facts are undisputed and a party is entitled to judgment as a matter of law based on the contents of the pleadings. *See, e.g.*, *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 213-14 (S.D.N.Y. 1999).

42 U.S.C. § 405(g) provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). The term "substantial" does not require that the evidence be overwhelming, but it must be "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

A district court does review the Commissioner's decision *de novo*. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). Rather, the court's inquiry is limited to ensuring that the Commissioner applied the correct legal standard and that his decision is supported by substantial evidence. *See Hickson v. Astrue*, No. 09 Civ. 2049 (DLI) (JMA), 2011 WL 1099484, at *2 (E.D.N.Y. Mar. 22, 2011). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the

plaintiff's position." *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). That is, a district court may only set aside the ALJ's factual findings "if a reasonable factfinder would have had to conclude otherwise." *Brault v. Soc. Sec. Admin. Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis omitted) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1289 (8th Cir. 1994)).

## II. THE RECORD PROVIDES SUBSTANTIAL EVIDENCE FOR THE ALJ'S CONCLUSION THAT PLAINTIFF WAS INELIGIBLE FOR DIB

Using the five-step sequential inquiry outlined at 20 C.F.R. § 423(d)(2)(A), the R&R properly found that substantial evidence supported Administrative Law Judge Joseph K. Rowe's August 6, 2014 determination that Plaintiff was not disabled on or after April 12, 2013, the date he filed his application for benefits. (R&R, at 14.) Upon thorough review of the underlying Record, the R&R properly concluded that that Plaintiff satisfied steps one—Plaintiff had not worked since April 12, 2013—and two—Plaintiff had a severe impairment that caused some work-related functional limitations. (*Id.*) However, Plaintiff failed to satisfy step three: none of his impairments had the medically-equivalent severity of the impairments enumerated in the regulations. (*Id.* at 14-15, 18.) As to this point, Plaintiff testified at the hearing before ALJ Rowe that his condition was under control and that nothing was really keeping him from work. (*Id.* at 21 (citing Administrative Record ("R."), at 25, 26, 121-25).) The objective medical evidence also supports this finding as Plaintiff's regular tests for viral load and immune cell count indicate that his condition is asymptomatic and under control. (*Id.* (citing R. at 238-41).) Plaintiff had no past relevant work (step four), and jobs Plaintiff could perform existed in significant numbers in the national economy (step five). (*Id.* at 15.)

The R&R therefore properly recommended that Defendant's motion for judgment on the pleadings be granted, as the Record supports the ALJ's finding that Plaintiff did not satisfy steps three through five of the five-step inquiry. (R&R, at 18-23.)

## III. CONCLUSION

Having found no clear error, this Court adopts the R&R in full. Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 12 and this case.

Dated: New York, New York
January 10, 2017

JAN 1 1 2017

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge

4